**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 3 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Defendant-Appellee,

v.

OCTAVIO PEREZ-CAMPOS, a/k/a
Octavio Perez,

      Defendant-Appellant.

No. 98-6264

(D.C. No. 98-CR-6)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

On December 17, 1997, Oklahoma City police officers found marijuana in

Defendant Octavio Perez-Campos' residence during a warrantless search. On January 20,

1998, Defendant was charged with various drug offenses in a five-count indictment.

Defendant subsequently filed a motion to suppress the marijuana, arguing that the officers

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34(A)(2). The case is therefore ordered submitted without oral argument.

obtained the evidence in violation of the Fourth Amendment of the United States Constitution. The district court denied Defendant's motion to suppress. Defendant then entered a conditional guilty plea to use of a telephone facility to facilitate the distribution of marijuana, in violation of 21 U.S.C. § 843(b). Defendant reserved the right to appeal the denial of his motion to suppress evidence. See Fed. R. Crim. P. 11(a)(2)

On appeal, Defendant argues that the district court erred in denying his motion to suppress the marijuana. Defendant argues that because of his limited ability to speak and understand English, his consent to the search of his home was not voluntary. Our jurisdiction arises under 21 U.S.C. § 1291. We affirm.

## I. Background

On December 16, 1997, officers of the Oklahoma City Police Department seized approximately forty pounds of marijuana from several individuals. The individuals informed the officers that they had obtained the marijuana from a house at 2609 South Ollie from a person named "Octavio." At approximately 3 a.m. the next morning, four police officers went to 2609 South Ollie. Officer Mark Danner and another officer, both in plain clothes, proceeded to the front door of the residence and knocked on the door. Neither officer's firearm was visible. Defendant looked out of the window and asked in English what the officers wanted. The officers identified themselves and asked to speak to him. After two or three minutes, Defendant opened the door. The officers then told Defendant that they received a complaint about narcotics activity in the residence and

2

asked if they could come in and speak to Defendant. In English, Defendant responded "yes" and opened the screen door to allow them entry into the residence. Once inside the house, the officers conversed with Defendant briefly in English regarding the other occupants of the house. Defendant responded to all of their questions in English. The officers asked Defendant if there were drugs in the house and he responded "no" in English. Then the officers asked if they could search the house and Defendant answered "yes" in English. A consent to search form was presented to Defendant and one of the officers asked Defendant if he could read English and Defendant responded "a little." The officers then read the form to Defendant in English and Defendant took the form and signed it. The officers searched the home, finding marijuana in a container in the living room closet. Defendant observed the search from the living room, never indicating to the officers that he wanted them to stop.

After the marijuana was discovered, Officer Danner testified that Defendant appeared to have difficulty understanding English. As a result of Defendant's changed demeanor, Dana Mitchell, a Spanish-speaking officer, was called to the scene to assist. Upon arriving at Defendant's home, Officer Mitchell indicated that based on a previous encounter with Defendant, he believed Defendant could speak English and did not need an interpreter.[1] Nevertheless, prompted by the other officers, Mitchell read Defendant

_____

[1] Officer Mitchell's opinion regarding Defendant's ability to speak and understand English was based on an October 27, 1997, contact with Defendant during a 9-1-1 call,

(continued...)

3

his Miranda rights in Spanish.

## II. Analysis

When reviewing the district court's denial of a motion to suppress, we accept the factual findings of the district court unless those findings are clearly erroneous. <u>United States v. Arzaga</u>, 9 F.3d 91, 93 (10th Cir. 1993). In doing so, we view the evidence in the light most favorable to the government. <u>United States v. Hunnicutt</u>, 135 F.3d 1345, 1348 (10th Cir. 1998). The credibility of witnesses, the weight to be given evidence, and the reasonable inferences drawn from the evidence fall within the province of the district court. <u>Id</u>. The ultimate determination of reasonableness under the Fourth Amendment is a question of law reviewable de novo. <u>Id</u>.

To determine whether Defendant voluntarily consented to the search of his residence, we evaluate the totality of the circumstances, with the government bearing the burden of proof. <u>United States v. McRae</u>, 81 F.3d 1528, 1536-37 (10th Cir. 1996). The court must find that there was "no duress or coercion, express or implied, that the consent was unequivocal and specific, and that it was freely and intelligently given." <u>United</u>

---

[1](...continued)
at which time Defendant conversed in English with Officer Mitchell for approximately ten minutes. At the suppression hearing, Officer Dale Reed also testified that he had spoken with Defendant for 15 to 20 minutes in English on November 1, 1997, when responding to two 9-1-1 calls at Defendant's residence. In response to the second 9-1-1 call, Officer Reed arrested Defendant and transported him to the station for processing. During that time, Defendant conversed with Officer Reed in English and never indicated that he did not understand English.

4

States v. Zapata, 997 F.2d 751, 758 (10th Cir. 1993). After examining the totality of the circumstances, we conclude that the district court did not clearly err when it found that Defendant's English comprehension was sufficient to allow him to voluntarily consent to the search of his residence.

Until the marijuana was discovered, all of Defendant's communications with the officers were in English; and Defendant responded promptly and appropriately in English to the officers' questions. Furthermore, the testimony of Officer Mitchell and Officer Reed regarding their previous contact with Defendant also supports the district court's finding that Defendant understood English. In addition, FBI Special Agent Mark D. Seyler testified that he had reviewed wiretap tapes which contain conversations in English between Defendant and other individuals. These tapes were obtained during an organized crime and drug investigation conducted in Oklahoma City.

Brushing aside the officers' testimony, Defendant argues that the testimony of Teresa Rendon, an expert in the field of language acquisition, established that Defendant could not understand English. Rendon testified that after administering language assessment tests to Defendant, she determined that Defendant could not have comprehended the consent form read to him by the officers. Rendon also testified that it is possible for an individual to "fake" the tests by pretending not to understand English. The district court found Rendon's testimony unpersuasive in light of the other witnesses'

testimony regarding Defendant's ability to comprehend English.   We cannot conclude that the district court clearly erred in doing so.

Accordingly, the decision of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge